UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60934-CIV-COHN/SNOW

RIVIERA SOUTH APARTMENTS, INC.,
a Florida corporation,

        Plaintiff,

v.

QBE INSURANCE CORPORATION,
a foreign corporation,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant QBE Insurance Corporation's Motion to Strike [DE 14] and Motion to Dismiss or, in the alternative, Motion for Summary Judgment [DE 2]. The Court considers each Motion in turn.

**I.   Defendant's Motion to Strike**

Defendant QBE Insurance Corporation ("QBE") files the instant Motion to Strike, seeking an Order from the Court striking an exhibit submitted by Plaintiff with its Response to Defendant's Motion to Dismiss/Motion for Summary Judgment. The Court has considered the Motion, Plaintiff's Response [DE 15], and Defendant's Reply [DE 16], and is otherwise fully advised in the premises. The exhibit in question, Exhibit G, consists of a news article entitled "Litigation – A Costly Limbo," by John Pacenti, published on July 10, 2007 in the South Florida Daily Business Review. This article discusses general difficulties posed by litigating on behalf of condominium associations

against insurance companies for hurricane-related claims. It also discusses other lawsuits in which Defendant QBE is involved, and presents criticisms of QBE's business practices.

Under Rule 12(f) of the Federal Rules of Civil Procedure, upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, this Rule is applicable only to pleadings, and a motion is not a pleading. Morroni v. Gunderson, 169 F.R.D. 168, 170 (M.D. Fla. 1996). Rule 7(a) of the Federal Rules of Civil Procedure specifies that "pleadings" include a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer. Thus, because the exhibit that Defendant seeks to have stricken is not a "matter" included in any pleading, it cannot be stricken pursuant to Rule 12(f). Accordingly, Defendant's Motion to Strike will be denied.

## II. Motion to Dismiss, or in the alternative, Motion for Summary Judgment

Defendant QBE files the instant Motion to Dismiss, or in the alternative, Motion for Summary Judgment, arguing that Plaintiff Riviera South Apartments ("Riviera") failed to satisfy a condition precedent to filing this law suit. The Court has considered Defendant's Motion and accompanying exhibits, Plaintiff's Response and accompanying exhibits [DE 7], and Defendant's Reply [DE 12], and is otherwise fully advised in the premises.

### A. Factual Background

The Complaint in this case contains two counts against Defendant QBE. Count I

is a petition to compel appraisal, and Count II alleges a breach of insurance contract. The insurance contract at issue contains a provision that states "[QBE] may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records." The contract also provides that no legal action may be taken against the insurer, QBE, unless "there has been full compliance with all the terms of this Coverage Part." The key issue raised in the instant Motion is whether Plaintiff breached the contract and failed to satisfy a condition precedent to bringing this lawsuit by failing to comply with the provision regarding examinations under oath.

Pursuant to an agreement reached at hurricane mediation, Defendant QBE was to send a letter to Plaintiff Riviera detailing its request for document inspection and examinations under oath by October 23, 2006. (Exhibit A to Plaintiff's Response, [DE 7-2].) In a letter dated October 23, 2006, Defendant's counsel, Maria Medina, advised that QBE "would like to schedule the examination under oath of the President of the Board as well as any additional board members with the most knowledge of the claim." (Exhibit B to Defendant's Motion, [DE 2].) The letter also stated that Ms. Medina would coordinate the date and time that best suits the board members, and requested that Plaintiff's counsel, Jason Zielinski, contact her office to coordinate dates for the examinations.

Mr. Zielinski asserts that he never received the October 23 letter, and he sent an email to George Letchford on November 1, 2006, following up on the status of this letter and offering to schedule an appointment for QBE to inspect Association records with

3

the property manager on November 10, 2006. (Exhibit B to Plaintiff's Response, [DE 7-2].)

In a letter dated November 7, 2006, Ms. Medina wrote to follow up with Mr. Zielinski, indicating she had received no response to her October 23 letter, and enclosing a copy of the same. (Exhibit C to Defendant's Motion, [DE 2]; Exhibit C to Plaintiff's Response, [DE 7-3].) She also requested that he contact her office so that the proper arrangements could be made to conduct the document inspection and examinations under oath, and reiterated the policy provisions detailing Plaintiff's obligations, including the obligation to be examined under oath  Id.

On December 6, 2006, Mr. Zielinski sent an email to Ms. Medina, advising her that he had just received this most recent correspondence that same day, and that it had been postmarked November 30, 2007, despite being dated November 7, 2006. (Exhibit D to Plaintiff's Response, [DE 7-3].) He further confirmed that this was the first piece of correspondence he had received since the mediation. Id. He also included a copy of his correspondence with George Letchford and reiterated that the property manager was available on Saturdays to facilitate document inspection, and offered to check any additional suggested days with the property manager if Ms. Medina was not available on a Saturday. Id. Finally, he advised that with respect to the requested examinations under oath, he would check to see if the president of the association and the person with the most knowledge were one and the same and get back to her. Id. Ms. Medina responded the same day via email, advising that she recalled putting the letter in the mail in the beginning of November and stating she was not sure why he had not received anything else from her in the mail. Id.

4

Additional correspondence was exchanged between the two attorneys in January and early February regarding the scheduling of the document inspection. (Exhibit E to Plaintiff's Response, [DE 7-3]. The date of this inspection was set for March 14, 2007, and Ms. Medina sent a letter on March 7, 2007 confirming this appointment. (Exhibit D to Defendant's Motion, [DE 2].)

In the meantime, Plaintiff's counsel was also attempting to facilitate the scheduling of the examinations under oath. He sent an email to Ms. Medina on December 9, 2006, suggesting that "to make things easier and expedite this matter," Ms. Medina should simply contact the individuals from which she wished to obtain discovery directly. (Exhibit F to Plaintiff's Response, [DE 7-3].) In this email, he provided the contact information for Tony Calvo, the president of the Riviera Association, from whom Ms. Medina wished to obtain an examination under oath. Id. Ms. Medina confirmed receipt of this email on December 20, 2006. Id. The exhibits provided by both parties provide no indication of any further correspondence regarding examinations under oath, but these examinations evidently never took place, and Plaintiff filed suit on June 4, 2007.

**B.     Motion to Dismiss**

Defendant files the instant Motion to Dismiss, arguing that Plaintiff does not state a claim upon which relief may be granted. Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46

(1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

The sole argument raised by Defendant in the instant Motion is that a condition precedent to the filing of a lawsuit under the insurance contract was not met. In its Complaint, Plaintiff alleges that it has complied with all conditions and requirements of the policy. (Complaint, Exhibit A to Notice of Removal [DE 1].) Taking this allegation as true, as this Court must in considering a Rule 12(b)(6) Motion to Dismiss, the Court concludes that the allegations in Plaintiff's Complaint do support the cause of action asserted, and Defendant's Motion to Dismiss will be denied.

C.  **Motion for Summary Judgment**

In the alternative, Defendant argues that the Court should grant summary judgment in its favor based on the same argument–that examinations under oath have not been taken, and thus, that Plaintiff has not satisfied a condition precedent to filing

6

the instant lawsuit. The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Defendant's argument is based on the provision of the insurance contract providing that "no one may bring a legal action against us under this Coverage Part unless . . . there has been full compliance with all of the terms of this Coverage Part." The contract further provides that Defendant "may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim." Defendant argues, essentially, that because it requested the examinations under oath in a generalized sense in October or November of 2006, and the examinations have not yet been conducted, Plaintiff was prohibited from taking legal action against Defendant until such time as they were conducted. The facts are undisputed–Defendant drafted letters in October and November of 2006, which Plaintiff eventually received after some delay, stating that Defendant wished to take examinations under oath of the Association President and the person with the most knowledge on the Board. Thereafter, Plaintiff's

counsel provided Defendant's counsel with the contact information for that person, Tony Calvo, and suggested that Defendant contact him directly to obtain the needed discovery to expedite the process. Defendant has provided no evidence to show that any specific request was ever made of Mr. Calvo to appear for an examination under oath, and Plaintiff asserts that Mr. Calvo has been ready, willing and available to schedule this examination for some time.

Defendant cites to a wide variety of cases, all of which stand for the proposition that where an insurance policy requires the insured to submit to an examination under oath, and the insured refuses to comply with the insurer's request for such an examination, the insured has breached its insurance contract and may not prevail in a lawsuit against the insurer. See, e.g., Laine v. Allstate Ins. Co., 355 F. Supp.2d 1303, 1307 (N.D. Fla. 2005); Goldman v. State Farm Fire Gen. Ins. Co., 660 So.2d 300, 303 (Fla. 4th DCA 1995) ("An insured's refusal to comply with a demand for an examination under oath is a willful and material breach of an insurance contract which precludes the insured from recovery under the policy"); Pervis v. State Farm Fire and Cas. Co., 901 F.2d 944, 946 (11th Cir. 1990) (interpreting similar Georgia law).

On their face, the cases cited by Defendant present distinct contrasts to the instant case. In Goldman, an examination under oath was scheduled for a particular date, but the insureds requested that it be rescheduled and then filed suit before the examination could be conducted. 660 So.2d at 301. The court in that case noted that the insureds "were aware of [the insurer's] request that they submit to examinations under oath at a mutually convenient time and place as contemplated by the policy." Id. The court described the refusal to comply with a demand for an examination under oath

8

as a "willful and material breach of an insurance contract," and analogized to other cases dealing with "an insured's willful refusal to submit to such examinations" as support for its holding, indicating that an element of willfulness strongly influenced its decision. Id. at 303. In Laine, the insured sought repeated delays in scheduling his examination under oath and ultimately did not appear at the examination scheduled by the insurer. 355 F. Supp.2d at 1304. The court concluded that "Mr. Laine made the willful decision not to submit to an examination under oath, even when reasonable grounds for delay were no longer available," and granted summary judgment in favor of the insurer. Id. at 1306. Likewise, in Pervis, the insured refused to submit to an examination under oath and failed to attend at the time and place designated by the insurer for the examination under oath. 901 F.2d at 946. The court concluded that summary judgment was proper because "plaintiff's refusal to submit to the requested examination under oath constitutes a breach of the insurance contract." Id. at 946. In each of the cases cited by Defendant, the court explicitly stated that it was the insureds willful refusal to submit to the examination under oath that constituted the breach of contract. The Defendant in this case has provided no evidence to show such a refusal on the part of Plaintiff Riviera or its board members.

Plaintiff points to a slightly more analogous case, Willis v. Huff. 736 So.2d 1272 (Fla. 4th DCA 1999). In Willis, the insured filed suit less than a month after the claim was filed, and the insurer requested an examination under oath after the suit was filed. Id. at 1272. The insured did not attend. Id. at 1273. The trial court granted the insurer's motion for summary judgment on the grounds that the insured failed to comply with a condition of the contract, despite the insured's subsequent offer to comply with

the request. Id. The Fourth District Court of Appeals reversed, concluding that because the insurer did not request the examination under oath until after suit had already been filed, the insured's compliance with that request was not a condition precedent to bringing suit. Id. at 1274. The facts of Willis, however, present a much more clear-cut situation than the instant case. There, the examination under oath was never requested until after the suit was filed, whereas in the instant case, a general request was made, but no examinations were ever scheduled. Willis does, however, provide support for the general conclusion that an insured should be given an opportunity to comply with requests for examinations under oath.

     The evidence submitted by Defendant in this case indicates that the examinations under oath have been requested in a general sense, but have not yet been scheduled or completed. The actual completion of the requested examinations under oath, however, is not a condition precedent to bringing suit under this contract. All that the contract requires is "full compliance" on the part of the insured before a suit can be filed. Defendant has submitted no evidence indicating any noncompliance on the part of the Plaintiff insured, such as failure to comply with requests to schedule an examination or refusal to attend an examination. On the contrary, the evidence in the record indicates that Plaintiff has complied with Defendant's limited efforts to request the examinations under oath by providing the contact information for the Association President and making him available for examination. The Court does not find, based on this evidence, that Plaintiff has refused to comply with Defendant's request for examinations under oath. At most, this evidence creates a disputed issue of material fact regarding Plaintiff's compliance with the terms of the contract. Accordingly,

Defendant's Motion for Summary Judgment will be denied.

### III.    Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Strike [DE 14] is **DENIED**.

2. Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment [DE 2] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 29TH day of August, 2007.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record